IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**CHARLIE JACKSON,**

    **Plaintiff,**

**vs.**                                                                                             **Case No. 1:24-cv-101-MW-MAF**

**ALACHUA COUNTY BOARD OF
COUNTY COMMISSIONERS,**

    **Defendant.**

_____/

## **REPORT AND RECOMMENDATION**

Plaintiff, proceeding pro se and in forma pauperis, initiated this case on June 20, 2024 by filing an employment discrimination complaint alleging racial discrimination. ECF No. 1. The complaint was served on the Defendant, who filed a motion to dismiss for failure to state a claim. Defendant's motion to dismiss was granted on April 11, 2025. See *Report and Recommendation*, ECF No. 12; *Order Adopting*, ECF No. 17. However, Plaintiff's motion to amend the complaint was also granted. See ECF Nos. 13, 17. Despite being given three opportunities, Plaintiff has failed to file a sufficient amended complaint. Dismissal is warranted.

The District Court previously instructed Plaintiff that he could not "amend his complaint by filing objections or by flooding the docket with thousands of pages of documents." ECF No. 17 at 1, *citing* ECF Nos. 14, 15.

The District Court noted that there was likely "a timeliness issue…and amendment may indeed be futile." Id. at 1. But Plaintiff was allowed "one more opportunity to file a proper complaint—'a **short and plain** statement of the claim showing that the pleader is entitled to relief'—in the event Plaintiff believes he has a claim that survives the timeliness issue." Id. at 1-2 (emphasis in original). The deadline for doing so was April 25, 2025. Id. at 2. If Plaintiff failed to amend by the deadline, the District Court warned of its intention to "enter judgment in Defendant's favor and close the file." Id.

On April 25th—instead of complying with the order—Plaintiff filed a second motion to amend the complaint "by including…supporting documents." ECF No. 18. The motion was nearly identical to his prior motion to amend and again cited to hundreds of exhibits he previously filed. See Id. Because he was already granted leave to amend, this Court denied the second motion as moot and allowed Plaintiff a "final opportunity" to file an amended complaint. ECF No. 19. The deadline was May 9th. Id. The Court again gave Plaintiff explicit instructions on what he was (and was not) allowed to file:

> The amended complaint must be on the approved court form, comply with the Local Rules, and cannot exceed 25-pages. The only exhibits Plaintiff should include with the amended complaint are his EEOC complaint and the EEOC notice of right to sue letter. Those documents are not included in the 25-page limit. No other exhibits are necessary

at this stage. Plaintiff should not reference any other outside exhibits or filings in his amended complaint.

Id. at 2. A copy of the approved court complaint form was mailed to him. Id.

The day of the second deadline, Plaintiff filed a third lengthy motion to amend the complaint "by including…supporting documents." ECF No. 20. This time, however, Plaintiff included an amended complaint on the court form as an exhibit to his motion. Id. at 25-37. There were several problems. First, the motion again attempted to include facts, charts, and references to other exhibits outside of the amended complaint. Second, the amended complaint was only halfway filled out—with five pages of the court form blank—and portions of the statement of facts were clearly missing pages and/or paragraphs. See Id. at 32-36, 29. Finally, Plaintiff did not include the required certificate of service indicating a copy was provided to counsel for Defendant.

Since Plaintiff at least attempted to file a proper amended complaint, the Court alerted him to the above errors and allowed him one more week to submit "**only** a complete copy of his amended complaint with all sections filled out and a copy of his EEOC notice of right to sue letter." ECF No. 21 at 2 (emphasis in original). The Court again provided explicit and simple instructions on what Plaintiff was required to file, including a certificate of service. Id. He was provided another copy of the court complaint form. Id.

Plaintiff was warned that failure to comply with the Court Order as required by the May 19th deadline would result in a recommendation of dismissal. Id. His third motion to amend was denied as moot. Id. at 3. Finally, the Court—in bold font—also ordered the following: "**Plaintiff shall not file a fourth motion to amend the complaint**." Id. at 2.

Yesterday, more than a week after the deadline, Plaintiff filed a fourth motion to amend the complaint "by including…supporting documents." ECF No. 22. The age-old adage for the definition of insanity springs to mind.[1] Plaintiff's motion references the Court's prior order, which Plaintiff attached as an exhibit to the motion. Id. at 39-41. But it is suspect whether Plaintiff actually *read* the Court Order, seeing as he failed to follow any of its instructions. The motion itself is 23 pages and requests the Court "accept this entire packet as an amendment" to the complaint. Id. at 1. It again includes facts, charts, and references to other items outside of the amended complaint. It again fails to include a certificate of service.

Plaintiff does include an amended complaint on the court form as an exhibit, and this time each page is filled out. Id. at 25-38. But the amended complaint simply restates the claims made in the original complaint, only in

---

[1] I.e., doing the same thing over and over again while expecting a different result.

a more haphazard and vague fashion. See Id. at 29-31. Plaintiff selects "termination of employment" and "retaliation" under the "discriminatory conduct at issue" section but fails to include a single fact about the circumstances of his termination. See Id. at 32; 29-31. The only included reference to retaliation in the statement of facts is Plaintiff's conclusory claim that "the Commission voting [to restore] the project funding at the level recommended by the Plaintiff created a retaliatory and hostile working environment" with the individuals who recommended funding cuts. Id. at 29. Plaintiff again cites to the denial of his budgetary requests and the lack of an annual evaluation, in comparison with his white colleagues in different departments, as the bases for his racial discrimination claim. Id. at 29-31.

There are two avenues of dismissal available and both are warranted. The first is dismissal for failure to obey a court order. See Moon v. Newsome, 863 F.2d 835, 838 (11th Cir. 1989), *cert. denied*, 493 U.S. 863 (1989) (stating "[w]hile dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion"); Fed. R. Civ. P. 41(b). It is within this Court's discretion and "inherent authority" to dismiss a case for failing to comply with a court order. Smith v. Bruster, 424 F. App'x 912, 915 (11th Cir. 2011). Such a dismissal is typically without prejudice. In this case, however, Plaintiff's

failure to obey the Court's April 11th Order could result in the imposition of the District Court's stated consequence: the imposition of judgment in the Defendant's favor and closure of the case. See ECF No. 17 at 2.

The second avenue—despite Plaintiff's obstinate refusal to follow numerous Court Orders—is dismissal of the amended complaint for failure to state a claim under 28 U.S.C § 1915(e)(2)(B)(ii). The Court's previous analysis remains true:

> Plaintiff's retaliation claim fails because he does not include any facts describing what "statutorily protected activity" he engaged in prior to suffering adverse action. Gogel v. Kia Motors Mfg. of Ga., 967 F.3d 1121, 1134-35 (11th Cir. 2020).
>
> ***
>
> Plaintiff's complaint "must provide enough factual matter (taken as true) to suggest intentional racial discrimination." Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 974 (11th Cir. 2008). "Title VII explicitly prohibits discrimination against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individuals' race, color, religion, sex, or national origin." Reeves v. DSI Sec. Servs., 331 F. App'x 659, 662 (11th Cir. 2009); 42 U.S.C § 2000e-2(a). While Plaintiff claims his department's budget requests were sometimes denied compared with those of his white colleagues in different departments, he does not allege that those decisions were made "based on his membership in a protected group." Edwards v. Prime, Inc., 602 F.3d 1276, 1301 n.18 (11th Cir. 2010). "Treating different cases differently is not discriminatory, let alone intentionally so." Lewis v. City of Union City, Georgia, 918 F.3d 1213, 1223 (11th Cir. 2019). He also does not allege he was subjected to anything that could be inferred as adverse action—"a serious and material change in the terms or conditions of his employment." Reeves, 331 F. App'x at 663.

ECF No. 12 at 10-11. Plaintiff again fails to allege that the difference in his

1:24-cv-101-MW-MAF

treatment was because of his race. He also again fails to allege what if any adverse harm came to him because of the budgetary decisions or the lack of annual evaluations. Further, none of the listed budgetary decisions related to his salary or benefits.

Additionally, the fact remains that Plaintiff's action is untimely. The amended complaint again affirms that Plaintiff received the EEOC notice of intent to sue letter on March 20, 2024. See ECF No. 22 at 33 (stating the EEOC issued a "notice of right to sue letter which I received on 3/20/2024"); see also Notice of Right to Sue, ECF No. 22 at 24. As previously discussed:

> "Timely filing a charge of discrimination [with the EEOC] is a prerequisite to bringing suit under both Title VII and the ADA." Maynard v. Pneumatic Prods. Corp., 256 F.3d 1259, 1262 (11th Cir. 2001). Plaintiff carries the burden to show timeliness. Id. To timely file an employment discrimination lawsuit, a plaintiff must file their complaint within 90 days of receipt of the notice of the right to sue. See 42 U.S.C § 2000e-5(f)(1); Green v. Union Foundry Co., 281 F.3d 1229, 1234 (11th Cir. 2002). Here, the date of receipt is not in dispute. Plaintiff states he "received" his notice of right to sue letter on [Thursday] March 20, 2024, the same day it was issued. That gave him until Tuesday June 18, 2024 to file a state or federal action. Plaintiff initiated this action on [Thursday] June 20, 2024—92 days after receiving the right to sue letter. [ECF No. 1 at 11]. Plaintiff's complaint is untimely and should be dismissed.

ECF No. 12 at 8-9. Though at first glance Thursday June 20th appears to be three months after Thursday March 20th, both March and May have 31 days, as opposed to April with 30. This means 90 days after March 20th is *not* June 20th, but June 18th. Whether Plaintiff's complaint was two days late

1:24-cv-101-MW-MAF

or two hundred matters not. It was untimely under the law. Dismissal of this action should be with prejudice because any further amendment would be futile.

## RECOMMENDATION

For the reasons discussed, it is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to obey a court order and judgment be entered in the Defendant's favor pursuant to the District Court's April 11th Order, ECF No. 17. Alternatively, it is **RECOMMENDED** that the amended complaint be **DISMISSED** with prejudice as time-barred and for failure to state a claim under 28 U.S.C § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida on May 29, 2025.

<u>s/ Martin A. Fitzpatrick</u>
MARTIN A. FITZPATRICK
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this**

**Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** See **11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).**

1:24-cv-101-MW-MAF