**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

**CHARLIE JACKSON,**

     **Plaintiff,**

**vs.**                                                    **Case No. 1:24-cv-101-MW-MAF**

**ALACHUA COUNTY BOARD
OF COUNTY COMMISSIONERS,**

     **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed an employment discrimination complaint against his former employer on June 20, 2024. ECF No. 1. Defendant's first motion to dismiss was granted, but Plaintiff was granted leave to file an amended complaint. ECF No. 17. Plaintiff's amended complaint was dismissed, again with leave to amend. ECF No. 25. Plaintiff's second and third amended complaints failed to comply with the Local Rules. See ECF Nos. 27, 32. Plaintiff's fourth amended complaint is the operative pleading. ECF No. 33. Defendant filed a motion to dismiss the complaint as untimely with exhibits, ECF No. 37, and Plaintiff filed a response, ECF No. 39. Defendant's motion is ripe for review.

## I.      Standard of Review

"Timely filing a charge of discrimination [with the EEOC] is a

prerequisite to bringing suit under…Title VII." <u>Maynard v. Pneumatic Prods. Corp.</u>, 256 F.3d 1259, 1262 (11th Cir. 2001). Plaintiff carries the burden to show timeliness. <u>Id.</u> To timely file an employment discrimination lawsuit, a plaintiff must file their complaint within 90 days of *receipt* of the notice of the right to sue. <u>See</u> 42 U.S.C § 2000e-5(f)(1); <u>Green v. Union Foundry Co.</u>, 281 F.3d 1229, 1234 (11th Cir. 2002). "A filing even one day late warrants dismissal." <u>Penson-Johnson v. UF Health Shands Hospital</u>, Case No. 1:24-cv-176-AW-MAF, 2025 WL 1517807 at *1 (N.D. Fla. May 28, 2025), *citing* <u>Norris v. Fla. Dep't of Health & Rehab. Servs.</u>, 730 F.2d 682, 683 (11th Cir. 1984) (affirming dismissal of complaint filed 91 days after receipt of notice).

"Receipt" of the notice means notification, not retrieval. <u>Zillyette v. Capital One Fin. Corp.</u>, 179 F.3d 1337, 1339-1341 (11th Cir. 1999) ("the limitations period begins to run upon notification of the aggrieved party…[t]o hold otherwise would permit [a plaintiff] simply to defer the retrieval of the letter and thus to manipulate the 90-day time limit"); <u>see also</u> <u>Penson-Johnson</u>, 2025 WL 1517807 at *2 (dismissing case as untimely after finding plaintiff received notice of the right to sue letter when the EEOC sent her an email "telling her a new document was available on the portal," not when she opened the email two days later and retrieved the notice; "a rule that notice occurs only when a plaintiff chooses to check her mail (or email) would allow

a plaintiff to unilaterally extend her own filing deadline"); Lax v. Mayorkas, 20 F.4th 1178, 1182 (7th Cir. 2021) (90-day window started when plaintiff received the EEOC email with the letter attached, not when he opened it the next day, so his complaint was filed one day late and dismissal was required); McDonald v. St. Louis Univ., 109 F.4th 1068, 1071 (8th Cir. 2024) (90-day window started when EEOC emailed plaintiff's attorney the link to the letter in the portal); Asuncion v. Hegseth, 150 F.4th 1252, 1259 (9th Cir. 2025) (90-day window began when plaintiff "could realistically be held responsible for having access to the [right to sue letter] and learning what the agency had decided"; since the agency gave an incorrect password to decrypt the letter, it was not accessible when they sent plaintiff email notice).

Thanks to the advent of technology, the notice process is no longer solely reliant on the whims of the postal service. The EEOC gives a complaining party access to an online portal. When new correspondence or case information is uploaded, including the notice of right to sue letter, the complaining party is simultaneously notified by e-mail that a new document is ready to view and download. This means there are time-stamped and automated records of when something is uploaded, an e-mail is sent, and when any document on the portal is downloaded by either party. These EEOC records can be retrieved by anyone through a Freedom of Information

Act Request. Defendant did just that. See ECF No. 37-1 at 1, 3-25.

Exhaustion of administrative remedies is properly raised in a Rule 12(b) motion to dismiss. Tillery v. U.S. Dep't of Homeland Sec., 402 F. App'x 421, 425 (11th Cir. 2010). Courts can consider evidence outside the pleadings to make factual findings as to exhaustion without converting the motion to dismiss into a motion for summary judgment. Id.; Bryant v. Rich, 530 F.3d 1368, 1374-76 (11th Cir. 2008).

## II.    Discussion

It is undisputed Plaintiff filed his original complaint on June 20, 2024. ECF No. 1. Plaintiff admits he used the EEOC portal to access the notice of right to sue letter. ECF No. 33 at 13-14. Plaintiff states the right to sue letter was "placed…in the portal" on March 20, 2024 (the same day it was issued) and Plaintiff "downloaded" it from the portal the next day on March 21, 2024. Id. at 14. Because Plaintiff did not file this lawsuit until June 20, 2024, the date Plaintiff received notice of the *availability* of the right to sue letter is critical. If Plaintiff received notice on March 20, 2024, the 90-day statute of limitations ran on June 18, 2024 and this action is time-barred. If, however, the EEOC issued the notice of right to sue letter on March 20, 2024 but for some reason did not notify Plaintiff about it until March 21, 2024 (at which

1:24-cv-101-MW-MAF

point Plaintiff downloaded it), this action would be timely. [1]

The EEOC records are uncontested and clear: the notice of right to sue letter was uploaded to the EEOC portal on March 20, 2024 at 11:41:38 AM EDT; less than a minute later at 11:42:14 AM, the portal emailed Plaintiff and Defendant that "a new document is available to download"; Plaintiff did not download the right to sue letter until the next day, March 21, 2024, at 17:36:10 EDT (5:36 PM); Defendant downloaded the right to sue letter on March 20, 2024 at 12:02:32 PM EDT. ECF No. 37-1 at 3-4.

Plaintiff does not dispute the EEOC records in his response to Defendant's motion to dismiss. See ECF No. 39. He also does not explain why he waited until the day after he got the email to download the notice. Nor does he argue that he was unable to access the notice the day it was issued due to EEOC technical problems. Instead, Plaintiff claims that he tried to file his original complaint on June 18, 2024 but was late to the courthouse because of a "traffic incident" and when he got there "around 4:59pm…security was locking the door." Id. at 3. Since the next day was a holiday, he filed it the day after, on June 20, 2024. Id. Plaintiff classifies June

---

[1] 90 days from March 21, 2024 is Wednesday, June 19, 2024—but as Plaintiff points out, June 19th is the Juneteenth federal holiday. See ECF No. 33 at 14. When the last day of a time period is a legal holiday, "the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(c). Therefore, Plaintiff's last day to file this action (*if* the period began on March 21st) was June 20, 2024.

18, 2024 as "Day 89" without explaining how he came to this calculation. Id. Based on Plaintiff's argument in the operative complaint, it appears Plaintiff is calculating the deadline from March 21, 2024, the date he downloaded the right to sue letter. See ECF No. 33 at 14. Plaintiff does not cite to any legal authority in support of his position. Even Plaintiff acknowledges that the EEOC "placed [the right to sue letter] in the portal" on March 20, 2024. Id.

Accepting Plaintiff's argument would render the 90-day deadline meaningless. It would mean that after the EEOC email arrived in a plaintiff's inbox, they could wait for any amount of time (days, weeks, years), then start the 90-day clock on a date of their choosing by downloading the right to sue letter. The law simply requires notification. Plaintiff was notified on March 20, 2024, the same day the EEOC uploaded the right to sue letter to the portal. There were no technical defects on the EEOC's part preventing Plaintiff from downloading the letter that day. His action in waiting until the next day to log in and download it, regardless of his reason for doing so, does not give him an additional day to file a complaint. It is no different than if the right to sue letter was delivered to Plaintiff's physical mailbox on March 20, 2024, but Plaintiff did not check his mail until the next day.

Plaintiff had until June 18, 2024, the 90th day after the email was sent and the right to sue letter was available, to file his complaint. Getting stuck

1:24-cv-101-MW-MAF

in traffic and arriving at the courthouse too late is a consequence of Plaintiff's decision to file at the last minute, *not* an extraordinary circumstance that entitles him to equitable tolling. See Irwin v. Dep't of Veterans Affs., 498 U.S. 89, 96, 111 S. Ct. 453, 458, 112 L. Ed. 2d 435 (1990) (holding "the principles of equitable tolling…do not extend to what is at best a garden variety claim of excusable neglect"); Dodd v. United States, 365 F.3d 1273, 1282 (11th Cir. 2004) (stating "equitable tolling is an extraordinary remedy which is typically applied sparingly").

Plaintiff did not file his complaint until the 91st day after he received notice. It was therefore one day late. Because it was untimely filed, the case must be dismissed.

## III. Recommendation

For the reasons discussed, it is respectfully **RECOMMENDED** that Defendant's motion to dismiss, ECF No. 37, be **GRANTED** and this action **DISMISSED** as untimely.

**IN CHAMBERS** at Tallahassee, Florida on February 26, 2026.

s/ Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO THE PARTIES</u>

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. <u>See</u> 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).**

1:24-cv-101-MW-MAF